**Wlodzimierz CZAPKO, Plaintiff–Appellant,**

**v.**

**LAKESIDE BUILDING MAINTENANCE, INC., Defendant–Appellee.**

**No. 03–1217.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 9, 2003.*

Decided Oct. 9, 2003.

Rehearing Denied Nov. 7, 2003.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

## ORDER

In September 1989, Wlodzimierz Czapko began working as a day porter for Matas Corporation at a building located in Deerfield, Illinois. In 1998 Matas sold the property and the new owner, Hines Property Management Company, contracted with Lakeside Building Maintenance to perform general maintenance. Lakeside hired Mr. Czapko to continue working at the property, and his duties included restocking supplies in the building's washrooms and replacing light bulbs. When Lakeside hired Mr. Czapko, he was 62 years old.

Between May 1999 and September 1999, Roberta Jurek supervised Mr. Czapko on behalf of Lakeside. During this time Jurek issued Mr. Czapko several written reprimands in response to complaints from Hines about his work performance. In her reprimands Jurek wrote that on separate occasions Mr. Czapko failed to fill paper towel dispensers, failed to replace light bulbs, failed to answer his work radio, and failed to properly punch in and out of work; and cited him for insubordination, failure to follow instructions, and violation of company policies and procedures. Mr. Czapko refused to sign three of the reprimands, noting on two that "this is harassment" and "a false accusation," but agreeing in one instance that his radio was turned too low to hear. In October 1999, Hines asked Lakeside to terminate Mr. Czapko because it was unhappy with his work, and Lakeside complied.

Mr. Czapko promptly filed an action with the Illinois Department of Human Rights (DHR) and the Equal Employment Opportunity Commission (EEOC), claiming that he was improperly discharged because of his age. In an April 2001 decision, the DHR dismissed his complaint for lack of substantial evidence. In October 2001 the EEOC adopted the findings of the DHR and issued Mr. Czapko a notice of right to sue. He then filed a complaint against Lakeside in federal court alleging discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. (2000), but the district court granted summary judgment in favor of Lakeside on the ground that he had failed to establish either a direct or prima facie case of discrimination.

■ We review the grant of summary judgment de novo, drawing all inferences in Mr. Czapko's favor. Grayson v. City of Chicago, 317 F.3d 745, 749 (7th Cir.2003). The district court analyzed Mr. Czapko's ADEA claims under both the direct and indirect methods of proof. Under the direct method, an employee must show an acknowledgment of discriminatory intent by the employer or circumstantial evidence from which an inference of discriminatory intent can be drawn. Gorence v. Eagle Food Ctrs., Inc., 242 F.3d 759, 762 (7th Cir.2001). Under the indirect or burden-

shifting method described in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to establish a *prima facie* case of discrimination an employee must show that he (1) is a member of a protected class; (2) was meeting his employer's legitimate expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees outside of the protected class. *Id.* at 802, 93 S.Ct. 1817; *Krchnavy v. Limagrain Genetics Corp.,* 294 F.3d 871, 875 (7th Cir.2002).

The district court held that Mr. Czapko did not have any direct evidence of discrimination. Mr. Czapko claimed that Jurek called him a "dumb, stupid, old guy," and that when asked why she was giving him a hard time at work Jurek replied, "Because they want to fire you," "Maybe you don't want to work," and "Maybe you are too old" (R. 32). However, the district court noted that Mr. Czapko conceded that Lakeside Vice President Jim McCoy and Operations Supervisor Jesse Espino, not Jurek, had made the decision to terminate him. For allegedly discriminatory remarks to qualify as direct evidence, the remarks must be shown to relate to the employment decision in question. *See Robin v. Espo Eng'g Corp.,* 200 F.3d 1081, 1089 (7th Cir.2000); *Hong v. Children's Mem'l Hosp.,* 993 F.2d 1257, 1266 (7th Cir.1993). Since Mr. Czapko made no attempt to show a nexus between Jurek's statements and his discharge by McCoy and Espino, the court correctly held that Mr. Czapko did not have any direct evidence of discrimination. *See Espo Eng'g Corp.,* 200 F.3d at 1089; *Hong,* 993 F.2d at 1266.

The district court held also that Mr. Czapko had not established a *prima facie* case of discrimination. Although Lakeside conceded that because Mr. Czapko was over forty he was a member of a protected class, and because he was dis-

charged he had suffered an adverse employment action, the district court held that Mr. Czapko lacked evidence that he was meeting Lakeside's legitimate expectations. We agree. Mr. Czapko admits that he did not follow Lakeside's policies and procedures, but argues that he had reasons for doing so. For example, Mr. Czapko admits that he called Jurek a liar, but only after she had called him one; he admits that he argued with her, but only because he was doing his job correctly; and he admits that he did not punch out on several occasions, but only because Lakeside complained about paying him overtime. Even if we were to assume that these were legitimate excuses for his behavior, Lakeside still proffered a non-discriminatory reason for discharging Mr. Czapko: poor work performance. Mr. Czapko cannot show that this reason was pretextual. *See Denisi v. Dominick's Finer Foods, Inc.,* 99 F.3d 860, 864 (7th Cir. 1996) (noting that satisfactory job performance and issue of pretext focus on same circumstances). Mr. Czapko admits that McCoy and Espino believed that the request to discharge him was reasonable, but asserts that the two men were mistaken because he always completed his work. His assertion is insufficient: "[p]retext 'means a dishonest explanation, a lie rather than an oddity or *an error.*'" *See Peele v. Country Mut. Ins. Co.,* 288 F.3d 319, 326 (7th Cir.2002) (emphasis added) (quoting *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir.2000)).

Moreover, Mr. Czapko does little on appeal to challenge the district court's grant of summary judgment; instead, he maintains that he was a good employee for over ten years and alleges that Lakeside's actions were dishonest and its complaints fabricated. However, Mr. Czapko has already conceded the issue of pretext, and his assertions do not create a triable issue of fact: "'a plaintiff's own opinions about

[his] work performance or qualifications do not sufficiently cast doubt on the legitimacy of [his] employer's proffered reasons for its employment actions.'" *Millbrook v. IBP, Inc.,* 280 F.3d 1169, 1181 (7th Cir. 2002) (quoting *Ost v. West Suburban Travelers Limousine, Inc.,* 88 F.3d 435, 441 (7th Cir.1996)). Consequently, we agree that the district court properly granted summary judgment to Lakeside.

AFFIRMED.